**Daniel ROSADO, Plaintiff–Appellant,**

v.

**John POTTER, Postmaster General for the United States Postal Service, Natl. Rural Letter Carriers Assn., Magellan Health Svc., Inc., Defendant–Appellees.**

No. 07–0360–cv.

United States Court of Appeals,
Second Circuit.

Oct. 6, 2008.

John T. Bochanis, Daly, Weihing & Bochanis, Bridgeport, Connecticut, for Appellant.

Lauren M. Nash, Assistant United States Attorney, William J. Nardini, Assistant United States Attorney (on the brief), for Kevin J. O'Connor, United States Attorney for the District of Connecticut, for Appellee John Potter, Postmaster General for the United States Postal Service.

Michael J. Gan, esq., Dennis D. Clark, esq. (on the brief), Peer & Gan LLP, Washington, D.C., for Appellee Natl. Rural Letter Carriers Assn.

Christopher Flynn, esq., James E. Kellett, esq. (on the brief), William C. Silvis, esq. (on the brief), Crowell & Moring LLP, Washington, D.C., for Appellee Magellan Health Svc. Inc.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Daniel Rosado appeals from an Order of the United States District Court for the District of Connecticut (Dorsey, *J.*), granting summary judgment on his four-count complaint in favor of John Potter, Postmaster General for the United States Postal Service (USPS), the National Rural Letter Carriers Association (NRLCA), and Magellan Health Services Inc. (Magellan). Rosado was fired after making threats against his supervisors during a telephone conversation with an employee of Magellan, which administers the USPS's Employee Assistance Program. Rosado alleged that by disclosing his comments to the USPS Magellan had (1) invaded his privacy, (2) tortiously interfered with his business expectancy, and (3) committed negligent misrepresentation. He further alleged that the USPS unlawfully discharged him and that the NRLCA, his union, breached its duty of fair representation. The district court granted summary judgment to all defendants on all counts. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

■ Rosado argues that the district court erred in finding Magellan immune from suit based on Conn. Gen.Stat. § 52–146q(c)(2). That statute permits a social worker to disclose communications made to him when he "determines that there is a substantial risk of imminent physical injury by the person to himself or others." *Id.* Rosado maintains that his comments did not create a risk of imminent physical injury, and he argues that his position creates a genuine issue of material fact that precludes summary judgment. He is mistaken. It is uncontested that Rosado made numerous comments to the Magellan social worker which the social worker understood to be threats of violence. That Rosado disagrees with the social worker's interpretation of Rosado's comments is immaterial; because it is uncontested that the social worker understood Rosado's comments to create a substantial risk of imminent physical injury, he was entitled to disclose those comments pursuant to the statute. Magellan is therefore immune from suit based on that disclosure.

■ Rosado next argues that the district court erred in dismissing his hybrid claim against the USPS and the NRLCA. To succeed in this type of hybrid action, a plaintiff must prove both (1) that the union breached its duty of fair representation and (2) that the plaintiff's discharge was a violation of the applicable collective bargaining agreement. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570–71,

96 S.Ct. 1048, 47 L.Ed.2d 231. To prove a breach of the duty of fair representation on the grounds of arbitrary conduct, a plaintiff must show that the union's conduct was "so far outside a wide range of reasonableness as to be irrational." *Air Line Pilots Ass'n Int'l v. O'Neill,* 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991) (citation and internal quotation marks omitted). Rosado does not raise any genuine issue of material fact concerning the NRLCA's conduct; he simply disagrees with the district court's determination that the uncontested conduct was not arbitrary. We agree with the district court. And because the NRLCA is entitled to summary judgment, it follows that Rosado cannot maintain his hybrid action against the USPS either.

Accordingly, we hereby **AFFIRM** the judgment of the district court.